NOT JS-6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOSPORTS EUROPEAN, INC., a California Corporation; EG SAVINGS, INC., a California Corporation d/b/a AUDIOCITYWHEELS; SPORTRAK, INC., a California Corporation d/b/a WHEEL PLUS; TOMMY TIM, an Individual d/b/a SD TIRES; UNLIMITED AUTOMOBILE PRODUCTS, LLC, a California Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-07961 SJO (PJWx)<br><br>**PERMANENT INJUNCTION AND DISMISSAL AS TO DEFENDANT SPORTRAK, INC. d/b/a Wheel Plus**<br><br>**Hon. S. James Otero** |

- 1 -
**[PROPOSED]  PERMANENT INJUNCTION AND DISMISSAL**

1    The Court, pursuant to the Stipulation for Entry of Permanent Injunction

2 and Dismissal ("Stipulation"), by and between Plaintiffs BMW OF NORTH

3 AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG

4 ("BMW AG") (collectively "Plaintiffs"), and Defendant SPORTRAK, INC. d/b/a

5 Wheel Plus ("Defendant") filed concurrently herewith, hereby ORDERS,

6 ADJUDICATES and DECREES that a permanent injunction and dismissal shall

7 be and hereby is entered against Defendant in the above-referenced matter as

8 follows:

9    1.    **PERMANENT INJUNCTION.**  Defendant and any person or entity

10 acting in concert with, or at the direction of Defendant, including any and all

11 agents, servants, employees, partners, assignees, distributors, suppliers, resellers

12 and any others over which Defendant may exercise control, are hereby restrained

13 and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a) and 35

14 U.S.C. §283, from engaging in, directly or indirectly, or authorizing or assisting

15 any third party to engage in, any of the following activities in the United States

16 and throughout the world:

17    a.    copying, manufacturing, importing, exporting, purchasing,

18 marketing, selling, offering for sale, distributing or dealing in any product or

19 service that uses, or otherwise making any use of, any of BMW's intellectual

20 properties, including but not limited to, BMW® and M® trademarks (as depicted

21 in Plaintiffs' Complaint for Damages and Declaratory Relief at ¶¶19.i. - 19.x.

22 [ECF Dkt. 1]), and design patents D515,491, D635,078, and D643,794

23 (collectively hereinafter "BMW Intellectual Properties"), and/or any intellectual

24 property that is confusingly or substantially similar to, or that constitutes a

25 colorable imitation of, any BMW Intellectual Properties, whether such use is as,

26 on, in or in connection with any trademark, service mark, trade name, logo,

27 design, Internet use, website, domain name, metatags, advertising, promotions,

28 solicitations, commercial exploitation, television, web-based or any other

1    program, or any product or service, or otherwise;

2          b.     performing or allowing others employed by or representing

3    Defendant, or under Defendant's control, to perform any act or thing which is

4    likely to injure Plaintiffs, any BMW Intellectual Properties, including but not

5    limited to the BMW® and M® trademarks and/or Plaintiffs' design patents,

6    and/or Plaintiffs' business reputation or goodwill, including making disparaging,

7    negative, or critical comments regarding Plaintiffs or their products and services.

8          c.     engaging in any acts of trademark infringement, false

9    designation of origin, dilution, unfair competition, design patent infringement, or

10   other act which would tend damage or injure Plaintiffs; and/or

11         d.     using any Internet domain name or website that includes any of

12   Plaintiffs' trademarks or design patents, including but not limited to the BMW®

13   and M® marks and/or design patents D515,491, D635,078, and D643,794.

14         2.     Defendant is ordered to deliver immediately for destruction all

15   counterfeit, infringing or otherwise unauthorized products, including automobile

16   wheel rims, center caps, emblems, badges, labels, signs, prints, packages,

17   wrappers, receptacles and advertisements relating thereto, in its possession and/or

18   under its control embodying, comprised, utilizing and/or bearing any BMW

19   Intellectual Properties, or any simulation, reproduction, counterfeit, copy or

20   colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices

21   and other means of making the same, to the extent that any of these items are in

22   Defendant's possession.

23         3.     This Permanent Injunction shall be deemed to have been served upon

24   Defendant at the time of its execution by the Court.

25         4.     The Court finds there is no just reason for delay in entering this

26   Permanent Injunction against Defendant, and, pursuant to Federal Rule of Civil

27   Procedure 54(a), the Court directs immediate entry of this Permanent Injunction

28   against Defendant.

**[PROPOSED]  PERMANENT INJUNCTION AND DISMISSAL**

5.     Defendant will be making agreed-upon payments to Plaintiffs, as more particularly described in a separate Confidential Settlement Agreement.

6.     **NO APPEALS AND CONTINUING JURISDICTION.**   No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal.   This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

7.     **NO FEES AND COSTS.**  Each party shall bear their own attorneys' fees and costs incurred in this matter.

8.     **DISMISSAL.**   Upon entry of this Permanent Injunction against Defendant, the case shall be dismissed as to Defendant <u>only</u>, without prejudice.


IT IS SO ORDERED, ADJUDICATED and DECREED this 29TH day of January , 2014.

_____
HON. S. JAMES OTERO
District Court Judge of the United States
Central District of California